UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------

YOLANDA CALHOUN, ON BEHALF OF HERSELF
AND ALL THOSE SIMILARLY SITUATED           Civil Action No.:

                Plaintiff,

    v.

ASHWOOD FINANCIAL.

                Defendant.

-------------------------------------------------------------------

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Yolanda Calhoun (hereinafter "Plaintiff"), brings this Complaint by and through her undersigned counsel against Defendant Ashwood Financial (hereinafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by Defendant.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the acts and transactions occurred in this jurisdiction and because Defendant transacts business in this jurisdiction.

## PARTIES

4. Plaintiff is a natural person who resides in Jackson, New Jersey and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

5. Defendant is a debt collection agency and Indiana business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 6325 South East Street, Indianapolis, Indiana 46227.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 6 herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Collegiate Housing Services assigned a consumer debt to Defendant for collection ("Alleged Debt").

9. The Alleged Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about August 12, 2015, Defendant sent a collection letter to Plaintiff in an attempt to collect the Alleged Debt ("Collection Letter"). The Collection Letter is attached hereto and made a part hereof for all purposes as Exhibit "A".

11. The Collection Letter informs Plaintiff that Defendant has received Plaintiff's account from the original creditor and provides the account number and alleged amount due.

12. The Collection Letter is the initial communication from Defendant to Plaintiff regarding the debt.

13. The Collection Letter provides in pertinent part that:

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office information within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.

14. Upon information and belief, Defendant mails tens of thousands of such collection letters annually.

15. Defendant's collection letters fail to advise that only the debt collector may assume the debt is valid in the absence of a dispute from a consumer.

16. Defendant's collection letters fail to advise that in order for the debt collector to have to provide verification of the debt or the name and address of the original creditor, if different from the current creditor, the request must be made in writing.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ("Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds of thousands, if not millions, of persons have received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

18. This Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

19. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant that violate various provisions of the FDCPA.

20. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

22. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692(k).

24. The members of the Class have claims that are unlikely to be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

29. All conditions precedent have been performed, complied with, waived or satisfied before the filing of this Complaint.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(3)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 29 herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's Collection Letter failed to advise that only a debt collector is entitled to assume the debt is valid in the absence of a dispute from a consumer.

32. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(3) which

requires a statement that "unless the consumer, within thirty days, after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(4)

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 32 herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's Collection Letter failed to advise that the debt collector is only obligated to obtain verification of the debt or a copy of the judgment if the consumer notifies the debt collector of the dispute request in writing.

35. Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(4) which requires that a collection letter contain a statement that upon written notification from the consumer within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(5)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 31 herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's Collection Letter failed to advise that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, upon the consumer's written request.

38.     Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(5) which requires a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(10)

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 31 herein with the same force and effect as if the same were set forth at length herein.

40.     Defendant's Collection Letter failed to make the required disclosures pursuant to 15 U.S.C. §1692(g).

41.     Defendant's Collection Letter used false representation and deceptive means to attempt to collect a debt by asserting that the debt would be assumed to be valid generally, not just by the debt collector.

42.     Defendant's Collection Letter used false representation and deceptive means to attempt to collect a debt by failing to inform the consumer that the verification requirements contained in 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5) are only triggered by the consumer's written request.

43.     Defendant's Collection Letter used false representation and deceptive means to attempt to collect a debt by indicating that the consumer's dispute rights would only be applicable "after receipt of the first communication from this office" without specifying whether this communication was in fact the first communication, leaving a consumer unclear as to whether the dispute rights pursuant to 15 U.S.C. § 1692g remained.

44.     Defendant's Collection Letter is in violation of 15 U.S.C. §1692e(10) which

prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yolanda Calhoun demands judgment from the Defendant Ashwood Financial Inc. as follows:

- A. Certification of the class pursuant to Rule 23(b)(3);
- B. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;
- C. Statutory damages for the class pursuant to 15 U.S.C. § 1692k;
- D. For attorneys' fees, costs and disbursements;
- E. For an award of pre-judgment interest on all sums awarded and/or collected;
- F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Yolanda Calhoun, hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated: November 23, 2015

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

        By: /s/ Matthew T. Sheffield_____
        Matthew T. Sheffield, Esq.
        Law Offices of Michael Lupolover, P.C.
        120 Sylvan Avenue, Suite 300
        Englewood Cliffs, NJ 07632
        Phone:     201-461-0059
        Facsimile: 201-608-7116
        Email:     ms@lupoloverlaw.com
        Attorney for the Plaintiff Yolanda Calhoun